OPINION OF THE COURT
Michael D. Stallman, J.
This motion for summary judgment raises a question of apparent first impression: Is a half sibling of the tenant of record a "remaining family member” under rent stabilization entitled to succession rights after the tenant has moved?
Petitioner commenced this holdover summary proceeding against respondent Mustapha Seye. Niang Ndiaga interposed an answer, asserting that he was entitled to possession because he is Seye’s brother and had resided with him at the premises since September 1990 until Seye’s departure in December 1992. The evidence indicates that Seye and Ndiaga *1007 are half brothers, having the same mother but different fathers.
On or about June 20, 1994 petitioner served a notice to cure alleging that respondent Seye sublet and/or assigned the subject premises without permission. Petitioner served a notice of termination on July 7, 1994 and commenced this proceeding on or about July 25, 1994, alleging that Seye’s term expired because of his failure to cure the alleged sublet or assignment and that Seye was holding over after the expiration of his term.
Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1) provides in pertinent part: "if an offer is made * * * pursuant to the provisions of subdivision (a) of this section and such tenant has permanently vacated the housing accommodation, any member of such tenant’s family, as defined in section 2520.6 (o) of this Title, who has resided with the tenant in the housing accommodation as a primary resident for a period of no less than two years * * * shall be entitled to be named as a tenant on the renewal lease.” Section 2520.6 (o) defines family member as: "(1) A husband, wife, son, daughter, stepson, stepdaughter, father, mother, stepfather, stepmother, brother, sister, nephew, niece, uncle, aunt, grandfather, grandmother, grandson, granddaughter, father-in-law, mother-in-law, son-in-law * * * of the tenant or permanent tenant” (emphasis supplied).
Webster’s New Universal Unabridged Dictionary defines "brother” as "2. Also called half-brother, a [sic] male offspring having only one parent in common with another offspring” (emphasis supplied).
Even though the rent stabilization regulations do not specifically use the term "half brother”, use of the word "brother” embraces "half brother”. (Cf., Ziegelman & Langfan v Delgado, NYLJ, Jan. 15, 1986, at 13, col 2, [Housing Ct, Klein, J.], affd NYLJ, Nov. 20, 1986, at 11, col 3 [App Term, 1st Dept] ["half-sister” considered "sister” for purpose of Real Property Law § 235-f "roommate law”].) Since a remaining family member is entitled to a renewal lease under the regulations, a fortiori, such a person has the right to continue in occupancy for the balance of the tenant of record’s term, conditional, of course, on the payment of rent and performance of all other obligations of tenancy.
Implicit in the concept of "remaining family member” is the assumption that such a person, who resided in the premises *1008 with the tenant of record, had the right to reside there because of the family relationship and therefore has the right to continue in occupancy after the tenant of record has vacated the premises. That is to say, if a person is a "remaining family member”, by definition that person is not an illegal sublessee, assignee, roommate, licensee, squatter or other person having no right to occupancy. Accordingly, the presence of a remaining family member is not a ground for terminating a tenancy or the basis for commencing a holdover proceeding.
The court’s interpretation of the regulation, protecting half siblings as remaining family members, is the only logical construction consistent with the natural, ordinarily understood meaning of its words.
It also is the only possible construction consistent with the protective statutory purpose, which the regulation reasonably implements. The rent-stabilized tenant’s right to renew is intended to promote stability, by assuring tenants and those immediate family members who have continuously resided with them, that they may remain in residence, at regulated rents, under the law’s protection. (See, Golub v Frank, 65 NY2d 900.) The regulation contains bright-line standards, specifying protected persons, to obviate the need to examine the nature of every relationship in each case. The regulation should not be interpreted so unnaturally and so restrictively as to vitiate its protective purpose.
Absent evidence of fraud or illegality, when a person has an undisputed status by blood or marriage that automatically accords certain rights, the court may not look beyond that status to question those rights. (John C. v Martha A., 156 Misc 2d 222 [legally married husband of tenant of record automatically protected as remaining family member; allegations of sexual preference cannot be used to dispute marital status].) Especially when certain nontraditional family relationships not based on blood or marriage can result in succession rights because of their equivalence to traditionally recognized family relationships (Braschi v Stahl Assocs. Co., 74 NY2d 201; John C. v Martha A., 156 Misc 2d 222), it would be illogical and unjust to deny a sibling the same protection.
The evidence presented here by Ndiaga, that he has lived with his brother at the premises as his primary residence since September 1990 — more than two years before Seye’s departure, is not disputed. The fact that Herman Feldman, *1009 petitioner’s president, says that the name Niang Ndiaga is unfamiliar to him, does not create a triable factual question. This court has reviewed Ndiaga’s affidavit and the birth certificate records annexed, along with the translations, and finds that they clearly demonstrate that Ndiaga and Seye were born to the same mother, Faty Ndiaga. Thus, petitioner has not met its burden on this motion of demonstrating, by evidence, the existence of any triable factual question.
Accordingly, this court grants summary judgment to Ndiaga dismissing the petition. This proceeding was based on a factually and legally incorrect premise; the facts establish as a matter of law that no illegal sublet or assignment has taken place.
Ndiaga has requested that this court make a finding that Ndiaga can succeed to the premises. It is not clear from the papers of either party whether there was a written lease; although the petition recites a "written rental agreement” between Seye and petitioner, neither party has submitted a copy as an exhibit or described its terms or duration. Accordingly, this court is unable to make any finding regarding Ndiaga’s entitlement to a renewal lease or service of a "Golub” notice of intention not to renew the lease (Golub v Frank, 65 NY2d 900, supra). Similarly, neither side addressed whether a Golub notice was served. Finally, the court notes that there are weekly rent invoices annexed to Ndiaga’s moving papers and a reference to payment of weekly rent.
Accordingly, because the court lacks sufficient information about the nature of the landlord-tenant relationship to which Ndiaga succeeded, the court cannot make any affirmative findings or direction concerning any additional rights which Ndiaga may have.
This proceeding is hereby dismissed.